UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAIDEE SANCHEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE ELEVANCE HEALTH COMPANIES, INC., an Indiana corporation; Does 1-50, inclusive,<br><br>Defendants. | Case No. 2:23-cv-05906-WLH-AS<br><br>**ORDER REGARDING MOTION TO DISMISS [15] AND MOTION TO REMAND [18]** |

Plaintiff Haidee Sanchez ("Plaintiff") filed a Motion to Remand to Los Angeles Superior Court. (Docket No. 25). Defendant The Elevance Health Companies, Inc. ("Defendant" or "Elevance") filed a Motion to Dismiss. (Docket No. 15). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** Defendant's Motion to Dismiss.

I. BACKGROUND

    A. <u>Procedural History</u>

Plaintiff sued Defendant and Does 1-50 in Los Angeles Superior Court alleging the following claims under California's Fair Employment and Housing Act

("FEHA"): disability discrimination, failure to provide reasonable accommodation, failure to provide timely good faith interactive process, failure to prevent discrimination, and wrongful termination. (Pl. Opp'n to Mot. to Dismiss, Docket No. 19 at 1). Plaintiff filed a First Amended Complaint ("FAC") in Superior Court to rectify an inadvertent caption error. (*Id.*). Defendant then removed the case to this Court. (Notice of Removal. Docket No. 1).

Defendant moved to dismiss the case. (Docket No. 15). While the Motion to Dismiss was pending, Plaintiff moved to remand the case to Los Angeles Superior Court. (Docket No. 18). The Court found both motions suitable for decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and took them under submission. (Order, Docket No. 28).

### B. Factual Background

The Court views the facts in the light most favorable to Plaintiff. Plaintiff worked for nearly twenty years at The Anthem Companies, Inc., Defendant's predecessor, starting in 2000. (First Am. Compl. "FAC," Docket No. 1-3 ¶ 15). In September 2021, Plaintiff suffered a ruptured brain aneurysm that required surgery and extended hospitalization. (*Id.* ¶ 19). Thereafter, Plaintiff was "also diagnosed with secondary conditions including anxiety, irritability, and impaired concentration." (*Id.*). Plaintiff was out of work for over one year and returned to work on October 16, 2022, at which point Anthem Companies, Inc. had become The Elevance Health Companies, Inc.. (*Id.* ¶¶ 20, 21).

Prior to the surgery, Plaintiff "consistently [met] and often exceed[ed] her supervisor's expectations." (*Id.* ¶ 22). Following the procedure, Plaintiff "experienced recuperative symptoms along with a few unforeseen post-surgery complications." (*Id.* ¶ 23). Plaintiff also had to face "unforeseen hurdles" associated with the "substantial changes in workflow, processes and procedures of [her employer] post-acquisition." (*Id.* ¶ 25). Despite Plaintiff's efforts, her surgery and

hospitalization "hindered her ability to perform at the same level as she did prior to her surgery." (*Id.* ¶ 27). "In or about January 2023," Plaintiff submitted a medical leave form, completed by her physician, to the human resources department. (*Id.* ¶ 28). In response to the form's question regarding the probable duration of medical condition, Plaintiff's physician responded, "[U]nable to determine." (*Id.* ¶ 29). The request for medical leave was denied. (*Id.* ¶ 30).

Thereafter, Plaintiff asked her physician for a CT scan so that she could establish a return-to-work date. (*Id.* ¶ 31). While she was waiting for her CT scan, on January 26, 2023, Defendant informed Plaintiff that she was "under performing at her job responsibilities and that she had thirty (30) days to show improvement." (*Id.* ¶ 33). Prior to the expiration of the thirty-day period, and before the planned CT scan, an unnamed supervisor terminated Plaintiff. (*Id.*).

**II. DISCUSSION**

    **A. Motion to Remand**[1]

The Court **DENIES** Plaintiff's Motion to Remand. (Docket No. 18). Under 28 U.S.C. § 1332, federal district courts have jurisdiction over matters where the amount in controversy exceeds $75,000, and there is complete diversity. For diversity purposes, a corporation is deemed to be a citizen of the state(s) in which it was incorporated and in which the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is defined as the

---

[1] Defendant argues that the Court should not consider Plaintiff's Motion to Remand because Plaintiff did not comply with this Court's Standing Order, which requires that parties "meet and confer either by videoconference or in person," rather than via email as occurred here. (Standing Order, Docket No. 13 at 10). Though the Court admonishes the parties that failure to comply with applicable rules may result in the Court striking future motions, the Court considers the Motion to Remand on the merits because Plaintiff's meet and confer efforts complied with Local Rule 7-3 and Plaintiff's counsel noted that his failure to comply with the Court's Standing Order was inadvertent. (Pl. Reply re: Motion to Remand, Docket No. 25 at 3 ("Mr. Parsa missed the Court's implicit preference against email…" and "extends his apologies to the Court.")).

3

place "where a corporation's officers direct, control, and coordinate the corporation's activities," i.e. "the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92−93 (2010); *see also Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) ("[A] principal place of business 'should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination…'") (quoting *Hertz*, 559 U.S. at 92). In *Hertz Corporation v. Friend*, the Supreme Court rejected a test that looked to the amount of the corporation's business activities in any particular state, favoring the nerve center approach as more administrable and less likely to "lead to strange results." *Hertz*, 559 U.S. at 93−94 ("[I]f a 'corporation may be deemed a citizen of California on th[e] basis' of 'activities [that] roughly reflect California's larger population…nearly every national retailer—no matter how far flung its operations—will be deemed a citizen of California for diversity purposes.'") (quoting *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1029−30 (9th Cir. 2009)). "The burden of persuasion for establishing diversity jurisdiction…remains on the party asserting it." *Hertz*, 559 U.S. at 96 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The Supreme Court has cautioned that "if the record reveals attempts at manipulation—for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination…" *Id.* at 97.

   Here, Plaintiff concedes that the amount in controversy requirement for diversity jurisdiction is met, (Pl. Mot. to Remand, Docket No. 18 at 4), but argues that Defendant—the party asserting diversity jurisdiction—has not met its burden to establish complete diversity of citizenship. (*Id.*). Plaintiff resides in California. (Notice of Removal, Docket No. 1 ¶ 13). Defendant, in its Notice of Removal, asserts that it is a citizen of Indiana, as it was "incorporated in Indiana, and its principal place

4

of business is in Indianapolis, Indiana as it performs most of its executive and administrative functions at its corporate headquarters in that location." (*Id.* ¶ 14(a)). Plaintiff argues, however, that the evidence that Defendant submitted to substantiate its claim of Indiana citizenship is insufficient. (Pl. Mot. to Remand, Docket No. 18 at 7 ("The Statement of Information filed with the State of California and the McCoy Declaration are analogous to the 'Security and Exchange Commission's Form 10-K' which the U.S. Supreme Court explicitly rejected as 'without more, being sufficient proof to establish a corporation's nerve center.'") (quoting *Hertz*, 559 U.S. at 96)). According to Plaintiff, because of Defendant's "extensive California operations, California functions as one of the autonomous 'nerve centers' for Elevance." (Pl. Mot. to Remand, Docket No. 18 at 7 ("Considering the vast number of its employees in the state, the complexities of navigating California's rigorous regulatory framework…and the vast pool of insured individuals, California emerges as a distinct operational hub.").

Plaintiff's argument, however, sounds in the business activities test that the *Hertz* Court rejected. *Hertz*, 559 U.S. at 93−94 ("[I]f a 'corporation may be deemed a citizen of California on th[e] basis' of 'activities [that] roughly reflect California's larger population…nearly every national retailer—no matter how far flung its operations—will be deemed a citizen of California for diversity purposes.'") (quoting *Davis*, 557 F.3d at 1029−30). Defendant has met its burden[2] of showing that Defendant's nerve center is in Indiana; that is so even though it has sizeable operations in California like "nearly every national retailer" in the United States. *Id.*

---

[2] The Court **GRANTS** Defendant's Request for Judicial Notice (Docket No. 24). Federal Rule of Evidence 201(b) permits judicial notice of public records and information available on public websites, like the documents Defendant seeks to judicially notice here. *See, e.g.*, *Abdullah v. United States Sec. Assocs., Inc.*, 731 F.3d 952, 959 n.10 (9th Cir. 2013) (taking judicial notice of California Division of Labor Standards Enforcement letters); (Request for Judicial Not., Docket No. 24 at Exhs. 1−8).

Furthermore, the evidence does not reflect that this is the sort of sham jurisdictional manipulation case warned of in *Hertz*. *Cf. Hertz*, 559 U.S. at 97 (citing *Kokkonen*, 511 U.S. at 377) ("[I]f the record reveals attempts at manipulation—for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination."); (*see, e.g.*, McCoy Decl., Docket No. 22 ¶ 5 (Elevance human resources professional averring that Defendant's directors "direct, control, and coordinate the company's functions from its corporate headquarters in Indianapolis"). As a result, Plaintiff's Motion to Remand is **DENIED**.

### B. Motion to Dismiss

As set forth below, the Court **GRANTS** Defendant's Motion to Dismiss (Docket No. 15) with leave to amend.

#### i. Motion to Dismiss Standard

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

The court must construe the complaint in the light most favorable to the plaintiff and take its non-conclusory allegations as true. *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022). The court is not required, however, to accept as true legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555 ("[A] plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions…"). Pursuant to Federal Rule of Civil Procedure 15(a)(2), when a motion to dismiss is granted, courts should "freely give leave [to amend] when justice so requires."

        *ii.*    FEHA

The Fair Employment and Housing Act is "California's analog for the Federal Americans with Disabilities Act." *Davis v. Blazin Wings, Inc.*, No. EDCV 16-2167-JGB(KKx), 2016 WL 10966411, at *4 (C.D. Cal. Dec. 1, 2016). It prohibits discrimination on several grounds, including based on "physical disability." Cal. Gov. Code § 12940(a). FEHA does not, however, "subject an employer to any legal liability resulting from the refusal to employ or the discharge of an employee with a physical…disability" if the employee is unqualified under FEHA, i.e. "unable to perform the employee's essential duties even with reasonable accommodations, or cannot perform those duties in a manner that would not endanger" health or safety "even with reasonable accommodations." *Id.* § 12940(a)(1); *see also Green v. State of Cal.*, 42 Cal. 4th 254, 258 (2007) ("FEHA requires employees to prove that they are qualified individuals under the statute just as the federal ADA requires."). Where an employee is a qualified individual under the statute, FEHA requires employers to provide "reasonable accommodations," Cal. Gov. Code § 12940(m), and to "engage in the interactive process" with the employee once the employer is on notice of the need for an accommodation. *Id.* § 12940(n). FEHA also requires employers to "take all reasonable steps to prevent discrimination…from occurring." *Id.* § 12940(k). Beyond FEHA, California common law prohibits wrongful termination in violation of public policy. *See, e.g.*, *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 900 (2008) ("If the employer terminates an employment relationship for a reason that contravenes some fundamental public policy, then the employer breaches a general duty imposed by law upon all employers…").

        *iii.*    *Analysis*

Defendant argues that Plaintiff's claims should be dismissed for failure to state a claim because, according to Defendant, the FAC does not plead facts showing that Plaintiff is "a qualified individual eligible for FEHA's protections;" that the requested accommodation—indefinite leave—was reasonable; that Defendant had notice of Plaintiff's disability; that Plaintiff's dismissal was because of her disability and not due to other "performance issues;" that there was a "causal link between [Plaintiff's] termination" and her disability; or that Defendant or its agents acted with malice, oppression or fraud. (Mot. to Dismiss, Docket No. 15-1 at 1). As set forth below, the Motion to Dismiss is **GRANTED** as to all claims in the FAC—disability discrimination, failure to provide reasonable accommodation, failure to provide timely good faith interactive process, failure to prevent discrimination, and wrongful termination.

The first, second, and third claims—for disability discrimination (Cal. Gov. Code § 12940(a)), failure to provide reasonable accommodation (Cal. Gov. Code § 12940(m)), and failure to provide timely good faith interactive process (Cal. Gov. Code § 12940(n))—fail to state a claim for relief because the FAC does not plead facts showing that Plaintiff is a qualified individual under FEHA. As the California Supreme Court has held, plaintiffs seeking to recover under FEHA have the burden to prove that they are able to perform "the employee's essential duties" with or without reasonable accommodations. *Green*, 42 Cal. 4th at 258. The complaint, as pled, does not include facts showing that Plaintiff was able to perform her duties, with or without accommodations. The FAC contains a barebones allegation that "[w]ith adequate accommodations in place, [Plaintiff's] post-surgical [symptoms] would not have significantly hindered" Plaintiff's capacity to perform her essential duties," (*Id.* ¶ 23), but the FAC contains "no information at all as to what Plaintiff *can* do or what the essential elements of Plaintiff's job is or might be with or without reasonable

accommodations." *See Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1139 (E.D. Cal. 2010) (dismissing a FEHA claim for failing to plead facts as to whether Plaintiff is qualified for relief under the statute). Furthermore, there are allegations in the complaint that seem to undermine the notion that Plaintiff was able to perform her essential duties—whatever they may be—even with accommodations. (*See* FAC, Docket No. 1-3 ¶¶ 25, 33) (explaining that, after her surgery and nearly year-long medical leave, Plaintiff "had to navigate substantial changes in workflow, processes, and procedures of the company post-acquisition," which "presented unforeseen hurdles" that Plaintiff had to overcome, and that Plaintiff received a warning that she was "under performing at her job"). Courts in this circuit have dismissed FEHA claims in similar circumstances. *Davis*, 2016 WL 10966411, at *8 ("While Plaintiff's pleading burden at this stage is light, [she] must provide at least some minimal factual basis to support the conclusion that [she] can perform the essential functions of the job with or without accommodation for the Court to determine whether [her] entitled to relief is plausible."). Thus, Plaintiff's first, second, and third causes of action are **DISMISSED** with leave to amend.

The fourth and fifth causes of action—failure to prevent discrimination, (Cal. Gov. Code § 12940(k)), and wrongful termination in violation of public policy, (*see, e.g.*, *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 900 (2008) (describing the tort of wrongful termination)), also fail to state a claim. These causes of action are both derivative of a FEHA violation. *See, e.g.*, *Davis*, 2016 WL 10966411, at *6 (explaining that pleading a claim for failure to prevent discrimination under Cal. Gov. Code § 12940(k) "relies on adequately alleging a claim for discrimination"); *Vizcaino v. Areas USA, Inc.*, No. CV 15-417-JFW (PJWx), 2015 WL 13573816, at *7 (C.D. Cal. Apr. 17, 2015) (dismissing the plaintiff's wrongful termination in violation of FEHA because he failed to allege any FEHA violation in his complaint). Because of

9

the Court's reasoning that the FAC fails to state a FEHA claim, the derivative fourth and fifth causes of action are also **DISMISSED** with leave to amend.[3]

## III. CONCLUSION

As set forth above, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** Defendant's Motion to Dismiss the First Amended Complaint.

Dated: November 27, 2023

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

---

[3] In dismissing all five causes of action in the FAC, the Court also **DISMISSES** with leave to amend the punitive damages claims. Not only are the punitive damages claims associated with the dismissed causes of action, Plaintiff also did not address Defendant's arguments as to punitive damages in Plaintiff's opposition brief, so the issue is deemed conceded. *See, e.g.*, *Ortiz v. Mayorkas*, No. 22-CV-557 JLS (SBC), 2023 WL 5183022 (S.D. Cal. Aug. 11, 2023) (holding that the failure to address argument in an opening brief constitutes waiver of the "uncontested issue") (cleaned up).